IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

YISSACHER G. RUBASHKIN, on behalf of himself and all other similarly situated consumers,

  Plaintiff(s),

-vs-

RADIUS GLOBAL SOLUTIONS, LLC

  Defendant.

Case No.:

## CLASS ACTION COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, YISSACHER G. RUBASHKIN, on his own behalf and on behalf of those similarly situated (collectively, "Consumers" or "Class Members"), by and through Undersigned Counsel, sues Defendant, RADIUS GLOBAL SOLUTIONS, LLC and alleges:

1. Plaintiff seeks redress for the illegal practices of Defendant, RADIUS GLOBAL SOLUTIONS, LLC, concerning the collection of debts, in violation of the Florida Consumer Collection Protection Act, Florida Stat. § 559.55 et *seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### JURISDICTION AND IDENTIFICATION OF PARTIES

2. This is a class action at law seeking monetary damages in an amount that exceeds $30,000.00, exclusive of interest, costs, and attorney's fees.

3. Accordingly, the Circuit Court has subject matter jurisdiction over this action pursuant to Fla. Stat. §26.012(2)(a).

4. This Court has personal jurisdiction over Defendant pursuant to Florida's long-arm statute. *See* Fla. Stat. §§ 48.193(1).

5. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction and when a Plaintiff satisfies the long-arm statute's requirements for specific jurisdiction over a Defendant, there is no need to engage in the general jurisdiction analysis.

6. Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant who engaged in one of the enumerated acts listed under Fla. Stat. § 48.193(1)(a).

7. Section 48.193(1)(a)(1) states a nonresident defendant may be subjected to the jurisdiction of a court in Florida for either "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1).

8. Defendant's conduct in this Action triggers the necessary prong of Florida's long-arm jurisdiction because Defendant is engaged in substantial and not isolated activity within this State by targeting Florida consumers.

9. Defendant is a debt collector and regularly conducts business in the State of Florida, where it specifically targets Florida citizens, such as Plaintiff.

### A. The Parties

10. That all material hereto, Plaintiff, YISSACHER G. RUBASHKIN, was a resident and citizen of Miami-Dade County, Florida, is over the age of eighteen (18) years, and otherwise *sui juris*.

11. Defendant, RADIUS GLOBAL SOLUTIONS, LLC, ("RADIUS" or "Defendant"), is a foreign limited liability company, incorporated in the State of Minnesota, with its principal place of business located in Minneapolis, Minnesota and by and through its officers, representatives, and agents, conducted and conducts business in Miami-Dade County, Florida.

12. All conditions precedent to bringing this lawsuit have been met and/or waived.

## II. GENERAL ALLEGATIONS

13. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.95(8) and as defined by Section 1692(a)(3) of the FDCPA.

14. Defendant is a "debt collector" as that term is defined by Fla. Stat. §559.55(7) and by 15 U.S.C. § 1692a(6).

15. The alleged debt that Defendant sought to collect from Plaintiff is a consumer debt as defined by Fla. Stat. §559.55(6) and 15 U.S.C. § 1692a(5).

16. Defendant regularly engages, for profit, in the collection of consumer debts.

### A. Allegations Particular to Yissacher G. Rubashkin

17. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

18. On or about June 1, 2022, Defendant sent Plaintiff a collection letter (hereinafter, "Letter") seeking to collect a balance allegedly incurred for personal purposes. The Letter is attached hereto as **Exhibit "A"** and incorporated by reference herein.

19. On or about June 30, 2022, at the end of June, 2022, Plaintiff called Defendant to dispute the debt.

20. Plaintiff spoke with Defendant's debt collector employee.

21. The conversation lasted about three minutes.

22. The Plaintiff simply wanted to exercise his rights and have the account marked as disputed within the initial thirty-day period.

23. Plaintiff requested of the collector that the debt be disputed.

24. The collector harassed the Plaintiff in repeatedly demanding a reason why the Plaintiff

wanted to dispute the debt.

25. Defendant's demand is illegal and intended to harass, deceive and prejudice Plaintiff.

26. Plaintiff called to dispute the debt in order to overcome the presumption of validity at the expiration of the initial dispute period.

27. Defendant failed to train its collection employees to accept a consumer's dispute without demanding a reason from consumers.

28. Defendant has a policy of hindering a consumer's right to dispute a debt by demanding a reason for the dispute.

29. The Defendant contradicts consumers' right to dispute a debt and overcome the presumption of validity at the end of the initial dispute period.

30. The Letter's language violates 15 USC 1692e, 1692e(10) and 1692g.

31. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

32. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33. Defendant violated Plaintiff's right to not be the target of misleading debt collection communications.

34. Defendant violated Plaintiff's right to a truthful and fair debt collection process. Plaintiff suffered injury in fact by being subjected to Defendant's unfair and abusive practices.

35. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

36. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate

fully and meaningfully in the debt collection process. The FDCPA functions to ensure that debt collectors provide all the necessary information to consumers so that consumers can make intelligent decisions. Defendant's false representations misled Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e, 1692e(10) and 1692g of the Act.

37. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered damages, including but not limited to, fear, stress, mental anguish, emotional stress, and acute embarrassment for which he should be compensated in an amount to be proven by a jury at trial.

### III. CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated pursuant to Fla. R. Civ. P. 1.220. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Rule.

40. The proposed Class is defined as:

> All consumers who spoke with one of Defendant's collectors within the initial collection period and were unable to dispute the debt.

41. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

42. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether Defendant violated the FCCPA and/or the FDCPA.

43. The members of the class are unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members

of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44. Courts apply the Least Sophisticated Consumer Standard when evaluating collection attempts, such as those Defendant made.

45. Plaintiff does not currently know the exact number of Class Members or their identities because such information is in Defendant's exclusive control and can only be ascertained by review of its records. However, Plaintiff believes that there are hundreds of Class Members, or at least the minimum amount of class members to constitute a class. The Class Members are sufficiently numerous and geographically dispersed; therefore, joinder of all Class Members is impracticable.

46. Plaintiff's claims are typical of the Class.

47. The factual basis of Defendant's misconduct is common to all Class Members and resulted in injury to all Class Members.

48. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class Members.

49. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit many similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense, and risk of inconsistent rulings that numerous individual actions would cause. Class treatment will also permit the adjudication of small claims by Class Members who otherwise might not be able to afford to litigate their claims individually. This class action presents no difficulties in management that would preclude maintenance as a class action.

50. This forum is particularly desirable for the prosecution of this class action because Defendant specifically targets Florida consumers, and the lead Plaintiff is domiciled in Florida.

51. Litigating on a class action basis in this forum will decrease the cost of discovery and prosecution.

52. Plaintiff has suffered the harm alleged on behalf of the Class and has no interests antagonistic to the interests of any other Class Members. He is committed to the prosecution of this action and has retained counsel experienced in the prosecution of class actions and complex commercial actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class Members. Plaintiff is not aware of any other pending litigation concerning this controversy that involves Class Members.

53. Finally, the Class is readily definable, and Defendant' records exist in Defendant's files as to the class members.

**COUNT I – Violations of the FCCPA (Brought by Plaintiff on Behalf of himself and the Members of a Class, Against Defendant)**

54. Plaintiff adopts and incorporates the allegations in Paragraphs 1-54.

55. This cause of action is brought on behalf of Plaintiff and the class members.

56. The class consists of all persons whom Defendant's records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form letter as the Letter sent to Plaintiff on or about January 17, 2022 (Exhibit "A"); and (a) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the consumer was not able to have the debt marked as disputed without being harassed until being able to do so within the initial dispute period in violation of Fla. Stat. § 559.72(7).

57. Plaintiff and the Class Members are entitled to damages in accordance with the FCCPA because Defendant violated the FCCPA.

58. Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to recover his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent injunctive relief and entry of judgment against Defendant, awarding Plaintiff and the class members damages as follows:

  a. Statutory damages provided under the Fla. Stat. § 559.77 including punitive damages.
  b. Attorney fees and costs incurred in bringing this action as provided by statute; and
  c. Any other relief that this Court deems appropriate and just under the circumstances.

**COUNT II – Violations of the Fair Debt Collection Practices Act (Brought by Plaintiff on Behalf of Himself and the Members of a Class, Against Defendant)**

59. Plaintiff adopts and incorporates the allegations in Paragraphs 1-54.

60. This cause of action is brought on behalf of Plaintiff and the class members.

61. The class consists of all persons whom Defendant's records reflect resided in the State of Florida and who were sent a collection letter in substantially the same form as the Letter (Exhibit "A") sent Plaintiff.

  a. the collection letter was sent to a consumer seeking payment of a medical debt; and
     (b) the collection letter was not returned by the postal service as undelivered;
  b. Plaintiff asserts that the Letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g.

62. Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

63. Plaintiff and the Class Members are entitled to damages in accordance with the Fair Debt Collection Practices Act because Defendant violated the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent injunctive relief and entry of judgment against Defendant, awarding Plaintiff and the class members damages as follows:

    d. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    e. Attorney fees and costs incurred in bringing this action as provided by statute; and

    f. Any other relief that this Court deems appropriate and just under the circumstances.

[CONTINUED ON NEXT PAGE]

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

DATED: September 12, 2022

                              LEVY & PARTNERS, PLLC
*Attorneys for Plaintiff and Plaintiff Class Members*
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 – Telephone
(954) 241-6857 – Facsimile
Primary – omar@lawlp.com
Secondary – claudia@lawlp.com
Secondary – maritza@lawlp.com

**By: /s/ Omar M. Salazar II**
    OMAR M. SALAZAR II, ESQ.
    Fla. Bar No.: 0106175
    ELY R. LEVY, ESQ.
    Fla. Bar No.: 15452

# EXHIBIT A

P.O. Box 390905
Minneapolis, MN 55439

Radius Global Solutions LLC
7831 Glenroy Road Suite 250-A
Minneapolis, MN 55439
866-611-2543
Office Hours (EST) 8am-8pm Mon-Thur 8am-5pm Friday

YISSACHER G RUBASHKIN
1152 98TH ST
BAY HARBOR ISLANDS FL 33154-1717

Radius Global Solutions LLC accepts relay calls. TTY Service users Dial 711.
June 01, 2022
**Radius Reference Number: 005-F29547384**

**Radius Global Solutions is a debt collector.** We are trying to collect a debt that you owe to CITIBANK, N.A.. We will use any information you give us to help collect the debt.

### Our information shows:

| | |
|---|---|
| You had a Citi Mastercard® account with account number ************9511 | |
| As of 09/15/2020, you owed: | $3,523.90 |
| Between 09/15/2020 and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | - $0.00 |
| **Total amount of the debt now:** | **$3,523.90** |

### How can you dispute the debt?

- **Call or write to us by 07/11/22 to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by 07/11/22,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at ngicontact@radiusgs.com.

### What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 07/11/22, we will stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at ngicontact@radiusgs.com

- Go to **www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

**To make online Payments visit:**
paymentportal.radiusgs.com

**Use Reference Number: 005-F29547384**
**Your PIN: 72880**

---

Mail this form to:

Radius Global Solutions LLC
P.O. Box 390905

**How do you want to respond?**
Check all that apply:
☐ I want to dispute the debt because I think:
  ☐ This is not my debt